```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
ALBA BELTRE MORILLO,

                    Plaintiff,           13 Civ. 7123 (JGK)

        - against -                      OPINION AND ORDER

GRAND HYATT NEW YORK, ET AL.,

                    Defendants.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Alba Beltre Morillo, originally brought this action in the New York State Supreme Court, New York County, against four defendants: the Grand Hyatt New York ("Grand Hyatt"), Grand Hyatt Assistant Manager Mark Mason, the New York Hotel & Motel Trades Council, AFL-CIO (the "Union"), and Union representative Hazel Hazzard.  The plaintiff alleges that Grand Hyatt committed gender discrimination and harassment in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 et seq.  The plaintiff also alleges that Mason, Hazzard, and the Union aided and abetted Grand Hyatt's gender discrimination and harassment.  The Union and Hazzard (together, the "Union Defendants") removed the plaintiff's action to this Court pursuant to 28 U.S.C. § 1441(a).

The plaintiff now moves pursuant to 28 U.S.C. § 1447(c) to remand the action to state court on the ground that the

1

plaintiff's claims are grounded solely in New York City law and that there is no basis for removal. The Union Defendants argue that remand is improper because the plaintiff's New York City law claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Sections 8(b) and 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(b), 159(a). The Union Defendants also move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, arguing that the plaintiff's claims are time-barred.

For the reasons explained below, the plaintiff's New York City law claims against the Union Defendants are completely preempted and the plaintiff's claims against the Union Defendants are time-barred. Accordingly, the plaintiff's motion to remand is **denied**, and the Union Defendants' motion for judgment on the pleadings is **granted**. However, because there is no longer a basis for federal jurisdiction when the Union Defendants are dismissed from the case, the remaining claims against Grand Hyatt and Mason are remanded to the New York State Supreme Court, New York County.

I.

The following facts are accepted as true for the purposes of the pending motions.

2

A.

The Grand Hyatt has employed Morillo in some capacity since 2003. (Complaint ("Compl.") ¶ 14.) Most recently, Morillo has worked as a dishwasher, a role that she shares with only one other woman. (Compl. ¶ 16.) Morillo alleges that she has been subject to ongoing harassment from male co-workers, and that her repeated complaints to Grand Hyatt's management and to her union representatives have been ignored. (Compl. ¶¶ 17-18.)

B.

In January and February 2009, Morillo informed her supervisors that a male co-worker had inappropriately touched and threatened her. (Compl. ¶¶ 20-21.) Morillo's supervisors did not investigate the co-worker responsible for the harassment, and he remains employed by Grand Hyatt. (Compl. ¶ 21.) Following Morillo's complaints, her co-workers allegedly intensified their harassment. (Compl. ¶ 22.) In April 2009, Morillo again complained to the Grand Hyatt's human resources manager, who told Morillo that she should resign. (Compl. ¶ 23.)

In November and December 2010, Morillo's manager allegedly made a sexually suggestive comment to Morillo and began sending pictures of himself to her cell phone. (Compl. ¶ 24.) Morillo

told her Union Delegate, Kirk McFarlane, about this contact, and he advised her not to complain about the incident because doing so would risk retaliation. (Compl. ¶ 24.)

On March 17, 2012, Morillo was working on the dishwasher machine when a co-worker approached her and placed his hand on her shoulder and breast. Morillo told the co-worker to stop. Later that day, the co-worker pushed past Morillo while she was moving a cart of glasses causing Morillo to fall and injure her knee. Morillo complained about these incidents to Grand Hyatt, and, as a result, the co-worker received a warning and was required to complete counseling. (Compl. ¶ 26.)

On March 28, 2012, after these incidents, Morillo met with her Union Representative, Hazel Hazzard. Morillo told Hazzard about the pictures that her manager began sending to her in December 2010 and about the March 2012 incident in which Morillo injured her knee. When Morillo followed up with Hazzard on August 2, 2012, Hazzard advised Morillo to speak with her worker's compensation attorney and to seek disability retirement. (Compl. ¶ 28.)

Morillo met with Hazzard and two Grand Hyatt human resources officers on August 13, 2012, to discuss the March 17 incident. Both Hazzard and a Grand Hyatt human resources officer told Morillo that her co-worker claimed that he had only touched her on the shoulder and that this did not constitute

4

sexual harassment.  (Compl. ¶ 29.)  Following the meeting, Morillo was allegedly subjected to further harassment from her co-workers.  (Compl. ¶¶ 29-31.)  Morillo claims that, as a result of these incidents, she has suffered both physically and mentally, and is unable to perform her duties at Grand Hyatt.  (Compl. ¶¶ 32-33.)  According to Morillo, the defendants have, collectively, failed to provide her with a safe and non-discriminatory work environment, despite repeated complaints.  (Compl. ¶ 34.)

C.

Morillo filed a Verified Complaint in the New York State Supreme Court, New York County, on July 29, 2013.  The first cause of action charges that Grand Hyatt violated the NYCHRL by discriminating against the plaintiff on the basis of gender and subjecting her to a sexually hostile work environment.  In the second cause of action, the plaintiff alleges that the Union Defendants and Mason aided and abetted Grand Hyatt's violation of the NYCHRL.

On October 8, 2013, the Union Defendants filed a notice of removal in which they claimed that Morillo's City law claims were preempted under Section 301 of the LMRA.  The plaintiff then filed a motion to remand the case to the New York State Supreme Court and the Union Defendants requested leave to move

5

for judgment on the pleadings. On October 21, 2013, the Union Defendants filed an Answer which asserted, among other defenses, that the Complaint against the Union is "preempted by federal labor law under the NLRA and LMRA." (Union Defendants' Answer ¶ 50.) The Answer also alleged an affirmative defense that the Complaint is "time barred by the applicable statute of limitations under the NLRA and LMRA." (Union Defendants' Answer ¶ 51.)

On October 28, 2013, the Court held a conference during which it offered the plaintiff an opportunity to amend her complaint; however, the plaintiff declined the opportunity. Accordingly, the Union Defendants moved for judgment on the pleadings on November 7, 2013.

II.

The plaintiff moves to remand this action, arguing that the Court lacks subject-matter jurisdiction to hear her NYCHRL law claims because there is no federal question or diversity jurisdiction. The defendants argue that the Court has subject-matter jurisdiction because the plaintiff's claim against the Union Defendants is completely preempted by the duty of fair representation that arises from Section 301 of the LMRA, 29 U.S.C. § 185, and Sections 8(b) and 9(a) of the NLRA, 29 U.S.C. §§ 158(b), 159(a).

6

The defendants removed this action pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. If the removal is based on federal question jurisdiction, the action is removable without regard to the citizenship of the parties. 28 U.S.C. § 1441(b). The party seeking removal bears the burden of establishing that removal is proper. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); United Food & Commercial Works Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). An action may be removed to federal court pursuant to § 1441 if the plaintiff's "well-pleaded complaint" presents a federal question. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

However, there is a "complete preemption" corollary to the well-pleaded complaint rule: "When federal common or statutory law so utterly dominates a preempted field that all claims brought within that field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims," and thus is subject to removal. Marcus v. AT&T Corp., 138 F.3d 46, 53 (2d Cir. 1998). The "unusual pre-emptive power" accorded to Section 301 may create federal jurisdiction "even when the plaintiff's complaint makes

7

no reference to federal law and appears to plead an adequate state claim." Vera v. Saks & Co., 335 F.3d 109, 114 (2d Cir. 2003) (per curiam); see also Salamea v. Macy's East, Inc., 426 F. Supp. 2d 149, 153 (S.D.N.Y. 2006).

The defendants argue, correctly, that the plaintiff's claim against the Union Defendants is preempted because it is subsumed by the duty of fair representation.

The duty of fair representation is derived from Section 301 of the LMRA and Sections 8(b) and 9(a) of the NLRA. See Vaca v. Sipes, 386 U.S. 171, 177 (1967); Langford v. Int'l Union of Operating Eng's, Local 30, 765 F. Supp. 2d 486, 507 (S.D.N.Y. 2011). The duty of fair representation requires unions to "serve the interests of all members without hostility or discrimination . . . [in] complete good faith and honesty, and to avoid arbitrary conduct." Vaca, 386 U.S. at 177.

A state or city law claim is subsumed by the duty of fair representation, and therefore preempted, if it imposes an obligation already imposed by the duty of fair representation. Snay v. U.S. Postal Serv., 31 F. Supp. 2d 92, 99 (N.D.N.Y. 1998) (citing Welch v. Gen. Motors Corp., Buick Motor Div., 922 F.2d 287, 294 (6th Cir. 1990); see also Goodman v. Port Auth. of N.Y. & N.J., No. 10 Civ. 8352, 2011 WL 3423800, at *8 (S.D.N.Y. Aug. 4, 2011) (holding that because NYHRL claim imposes no new obligation on union not already required by the duty of fair

8

representation, the claim was preempted); Marrero v. City of New York, No. 02 Civ. 6634, 2003 WL 1621921, at *3 (S.D.N.Y. Mar. 28, 2003) (same).  On the other hand, a state or city claim is not preempted under the duty of fair representation if it "arise[s] wholly outside the ambit of those obligations circumscribed by a union's duty of fair representation under the collective bargaining agreement." Snay, 31 F. Supp. 2d at 99 (citing Condon v. Local 2944, United Steelworkers of Am., AFL-CIO, 683 F.2d 590, 595 (1st Cir. 1982)).

Although the Second Circuit Court of Appeals has not decided whether the NYCHRL is preempted by the duty of fair representation, see, e.g., Holcombe v. US Airways Grp., 976 F. Supp. 2d 326, 338 (E.D.N.Y. Sept. 30, 2013), the weight of well-reasoned authority in this Circuit finds that claims against a union and its representative under the NYHRL and the NYCHRL are subsumed by the duty of fair representation when the gist of the claim is the failure to represent the plaintiff in a fair and non-discriminatory manner.  See Fenn v. Verizon Commc'ns, Inc., No. 08 Civ. 2348, 2010 WL 908918, at *6 (S.D.N.Y. Mar. 15, 2010) ("To the extent that union representatives violated state laws by treating him differently than other members because of his gender or religion, they also violated the federal duty of fair representation.  Thus because the . . . NYCHRL create[s] no new rights for an employee and imposes no new duty on a union not

9

already clearly present under existing federal labor law, [the claims] are preempted." (internal quotation marks omitted)); see also Cabrera v. New York City, 436 F. Supp. 2d 635, 646 (S.D.N.Y. 2006) ("Because [the plaintiff] claims that the Union Defendants violated [the] NYHRL by not properly representing her, this claim is preempted"); Zuckerman v. Volume Servs. Am., Inc., 304 F. Supp. 2d 365, 373 (E.D.N.Y. 2004) (allegations of discrimination based on defendant union's failure to bring plaintiff's complaints to employer and file grievances on her behalf allege no more than a breach of the duty of fair representation); Rodolico v. Unisys Corp., 96 F. Supp. 2d 184, 188-89 (E.D.N.Y. 2000) ("As the duty of fair representation unquestionably forbids a union from discriminating against its members in its representative capacity, the contribution claim under the NYHRL cannot be said to create a new right, and is thus subsumed by the duty of fair representation." (citation omitted)); Snay, 31 F. Supp. 2d at 100 (dismissing NYHRL claim against Union because claim was preempted by the duty of fair representation).

Plaintiffs cannot evade the preemptive effect of the duty of fair representation through artful pleading. See, e.g., Zuckerman, 304 F. Supp. 2d at 373 ("Tacking an alleged disability on to what is essentially a breach of the duty of

10

fair representation claim does not transform that claim into something more.").

In Zuckerman, the plaintiff alleged that the union defendant failed to bring her complaints to her employer and to file a grievance on her behalf, and in doing so, "authorized and ratified the unlawful conduct of her employer." 304 F. Supp. 2d at 367.  The court noted that these allegations were nothing more than a breach of the duty of fair representation.  Id. at 373.  Similarly, in Fenn, 2010 WL 908918, at *5, the plaintiff alleged that the union did not appropriately address his harassment claims, that it failed to file a grievance based on his complaints, and that it acquiesced in the discrimination against him.  However, because the plaintiff's complaint alleged only that the union failed to satisfy duties already imposed under federal labor law, the plaintiff's state and city law claims were held to be preempted.  Id. at *6.

In this case, the plaintiff disclaims any reliance on the duty of fair representation and asserts that she is pursuing her claim against the Union Defendants based on a theory of aiding and abetting liability.  However, the gist of the plaintiff's claim is no different from a claim of a breach of the duty of fair representation.  The plaintiff alleges that the "[d]efendants have continuously failed to investigate her claims or take corrective action."  (Compl. ¶ 3.)  The plaintiff also

11

alleges that the Union Defendants discriminated against her by "minimiz[ing] or ignor[ing]" her complaints, discouraging her from pursuing remedies, and encouraging her to seek disability retirement. (Compl. ¶¶ 18, 24, 28.)  These allegations plainly implicate the Union Defendants' duty of fair representation because they amount to a claim that the Union Defendants failed to represent the plaintiff without "hostility or discrimination." Vaca, 386 U.S. at 177.  Indeed, the plaintiff's Verified Complaint, like the complaints in Zuckerman, 304 F. Supp. 2d at 367, and in Fenn, 2010 WL 908918 at *5, alleges only that the Union Defendants aided and abetted the discriminatory conduct of the plaintiff's employer by failing to pursue any of her grievances.  Therefore, the plaintiff has failed to allege that the Union Defendants violated any duty not already imposed under the duty of fair representation.  See Snay, 31 F. Supp. 2d at 99; Marrero, 2003 WL 1621921, at *3.  Accordingly, the plaintiff's claims are subsumed by the duty of fair representation and completely preempted.  See Winkfield v. Parkchester S. Condo. Inc., No. 11 Civ. 983, 2013 WL 2626788, at *3 (S.D.N.Y. 2013) (holding discrimination claims under NYCHRL and NYSHRL completely subsumed by the duty of fair representation because claims were based on union's failure to represent the plaintiff).

The plaintiff argues that her claim against the Union Defendants is not preempted.  The plaintiff relies on Langford, 765 F. Supp. 2d at 509, in which the court held that a suit predicated on the discriminatory operation of a union apprenticeship program was not subsumed by the duty of fair representation. The plaintiff's reliance on Langford is misplaced.  In Langford, the court distinguished between discrimination that occurs when a union acts in its representative capacity, and discrimination that occurs when a union acts in a non-representative capacity.  Id. at 508.  The Langford court recognized that claims implicating the union's conduct in the context of representation were preempted while those implicating a non-representative context were not.  Id. at 509.  The plaintiff in Langford alleged that her union had discriminated against her when acting in a non-representative capacity, namely, when administering an apprenticeship program. Id. at 506.

In this case, however, the plaintiff alleges that the Union Defendants aided and abetted discrimination when acting in a representative capacity.  More particularly, the plaintiff alleges that the Union Defendants aided and abetted discrimination by failing to pursue her claims, encouraging her to retire, and failing to investigate a coworker's conduct.  (Compl. ¶¶ 24, 28, 29.)  These claims allege only a violation of

13

duties already imposed under the duty of fair representation and therefore are completely preempted.[1]  Accordingly, the plaintiff's city law claims against the Union Defendants are preempted.  See Winkfield, 2013 WL 2626788, at * 3; Goodman, 2011 WL 3423800, at *8.

---

[1] The plaintiff also relies on Bryant v. Verizon Commun'ns Inc., 550 F. Supp. 2d 513, 526-530 (S.D.N.Y. 2008), and Giles v. Gen. Motors Corp., 825 F. Supp. 638 (S.D.N.Y. 1993), to argue that her claims are not preempted.  However, the plaintiff's reliance on Bryant and Giles is unpersuasive because those cases address whether state and city law claims are preempted because they implicate a collective bargaining agreement.  Indeed, in Bryant, the court noted that the Union Defendants did not argue that the NYHRL claim was preempted by the duty of fair representation.  Bryant, 550 F. Supp. 2d at 527.

Within this District, a wide variety of discrimination claims brought against unions in the representative context have been held to be preempted by federal law because resolution of the claim required interpretation of a collective bargaining agreement.  See, e.g., Goodman, 2011 WL 3423800, at *8-9 (S.D.N.Y. Aug. 4, 2011) (aiding and abetting discrimination claims were intertwined with collective bargaining agreement); Fenn, 2010 WL 908918, at *5 (resolving discrimination claims required interpretation of the collective bargaining agreement and were thus preempted); Cooper v. Wyeth Ayerst Lederle, 34 F. Supp. 2d 197, 202 (S.D.N.Y. 1999) (same).

It is unnecessary to determine whether the plaintiff's claims against the Union Defendants are preempted because their resolution requires the interpretation of the collective bargaining agreement.  The Union Defendants have not relied on that basis of preemption in this case and have relied on the preemptive effect of the duty of fair representation.

The plaintiff's motion to remand this action to the New York State Supreme Court is therefore **denied**.[2]

III.

The Union Defendants move for judgment on the pleadings with respect to the plaintiff's claims against them on the ground that the plaintiff's claims are time-barred.

The standards to be applied to a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are the same as those applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). "Thus, [a court] will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the] plaintiff[']s[ ] favor. To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010) (internal citation and quotation marks omitted). In deciding such a motion, the court may consider documents that are referenced in the complaint,

---

[2] The plaintiff also moves for attorneys' fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because the motion to remand is without merit, the plaintiff's motion for attorneys' fees is **denied as moot.**

documents that the plaintiff relied on in bringing suit and that either are in the plaintiff's possession or were known to the plaintiff when she brought suit, or matters of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see also Lewis v. Health & Hosps. Corp., No. 11 Civ. 99, 2013 WL 2351798, at *1 (S.D.N.Y. May 31, 2013).

There is a six-month statute of limitations for claims based on a breach of the duty of fair representation.  See, DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 155 (1983); Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995); Winkfield, 2013 WL 2626788, at *4.  It is well-settled that a claim for the breach of the duty of fair representation "accrues no later than the time when the union members knew or reasonably should have known that a breach has occurred."  Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 278 (2d Cir. 2004); see also Winkfield, 2013 WL 2626788, at *4.

In this case, the meetings with the Union that give rise to the plaintiff's claims took place in December 2010, March 2012, and August 2012.  The plaintiff's Verified Complaint was filed in July of 2013, almost a year after the last meeting.  The plaintiff does not dispute that the statute of limitations of

the duty of fair representation expired before the Verified Complaint was filed.  Accordingly, the plaintiff's claim against the Union Defendants must be dismissed as time-barred.[3]  See, e.g., Winkfield, 2013 WL 2626788, at *4.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the reasons explained above, the plaintiff's motion to remand is **denied** and the Union Defendants' motion for judgment on the pleadings is **granted.  The Clerk is directed to close all pending motions.**

---

[3] The Union Defendants also move to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Because the plaintiff's claim is time-barred, it is unnecessary to decide whether the plaintiff has failed to state a claim under Rule 12(b)(6).

The plaintiffs, Grand Hyatt, and Mason agree that the case should be remanded to the state court if the Union Defendants are dismissed from the case.  Because the Union Defendants are dismissed from the case, the remaining claims are remanded to the New York State Supreme Court, New York County.  **The Clerk is directed to remand the case.**

**SO ORDERED.**

**Dated:    New York, New York**
         **July 10, 2014**                  _____/s/_____
                                          **John G. Koeltl**
                                   **United States District Judge**